The judgment of the court was pronounced by
Preston, J.
On the 20th of December, 1847, the plaintiff filed his petition, claiming five hundred dollars damages from the defendant, as sheriff of the parish of Claiborne, for having seized and sold a tract of land belonging to him, situated in that parish, in the suit of George W. Peel against Richard Stiles. George W. Peet became the purchaser, and sold the land to one Martin Can-field, who brought a petitory action against the plaintiff for it, which caused him great trouble and expense in defending his title, before the District and Supreme Court, for which he brings this suit, and obtained a verdict and judgment for one hundred and fifly dollars damages; from which the plaintiff has appealed. ,
The defendant pleads that the damages claimed are barred by the prescription of one year. But the acts were done in the performance of duties within the scope of his authority, and the prescription is extended by the act of 1837, to two years.
He urges that they were done by his deputy, but he made the return and signed the deed himself; and indeed, is responsible for the errors of his deputy, while acting within the scope of his authority.
*636 But the case presents a much more difficult question. "Were the acts of the defendant the immediate cause of the damages suffered by the plaintiff? We are not liable in damages for the remote consequences of our acts ; and it has always been difficult for courts to distinguish between those immediate damages for which defendants are responsible, and the consequential damages for which they are not liable.
In the present case, there is no evidence that the sheriff actually disturbed the possession of the plaintiff. The petitory action which caused him the trouble and expense, shows that the sheriff did not physically seize the land, turn the plaintiff out of possession, and deliver it to the vendee. He advertised on paper, and only gave a paper title. His functions and acts terminated there, and no damage was yet done to the plaintiff.
Even the sheriff’s vendee, Peel, did not sue the plaintiff, but sold the paper title to Canfield, without warranty of title or possession. He was at liberty to sue for the land or not, as he thought proper. Peet did not urge him to sue, much less the sheriff, who had not the slightest interest in the action with regard to the land.
Canfield brought the suit which caused the whole trouble and expense to the plaintiff. For it is to be observed, that the whole damage proved or allowed by the jury and district court was the counsel fee for defending this suit, which was the act of Canfield alone. These damages were most remotely consequential upon the acts of the sheriff. The acts of Peet, and the subsequent acts of Canfield, at distinct periods, were intermediate between him and the plaintiff.
In general, though there are exceptions, it must appear that the acts complained of could not have occurred without causing the damages. Now Peet, if he had thought of suing under the sheriff’s deed, might have examined the previous chain of title, and have been unwilling to embark in the folly of a suit. Canfield might have done the same thing and have been equally wise, and no damage would have been suffered by the plaintiff. As to the slander of plaintiffs title, it was clouded by the claim of Richard Stiles. The sheriff’s deed did not make it darker. If he had not sold at all, it is probable some one would have sued the plaintiff by virtue of the title of Stiles. It appeal's, by reading the opinion of the Supreme Court, that, as to the slander of the plaintiff’s title, circumstances seemed to have placed his land in such a situation that it had to pass through a trial independently of the sheriff’s sale. And for his trouble and expense in defending his title, the plaintiff has some consolation that, with the aid of able counsel, it has passed the fiery ordeal unscathed, and that he and his family may now repose upon it in quiet, with none to make them afraid.
"We are of opinion, that the judgment should be reversed; and decree, that there be judgment for the defendant, with costs in both courts.

"Hon. George Eustis, C. J., was not present during this term.